**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **STEVEN EDWARD ROBB,** | § | |
| **ID # #47764-177,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:16-CV-0050-BL** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

This action has been referred pursuant to the provisions of 28 U.S.C. § 636(b), and Amended

Special Order No. 3-301.  Because the parties have not consented to have all further proceedings in

this case conducted by a magistrate judge, the undersigned issues this report and recommendation

and directs that this case be reassigned to Senior District Judge Sam R. Cummings.

## I.  BACKGROUND

By Order dated April 7, 2016, the Court construed a motion for return of property filed by

Steven Edward Robb as a claim for equitable relief and directed the Clerk of Court to open this new

civil action.  Order (doc. 3).  On May 5, 2016, the Court issued a Notice of Deficiency and Order that

directed Plaintiff to either pay the filing fee for this action or move to proceed *in forma pauperis*

within twenty-eight days.  It also admonished Plaintiff that failure to comply may result in the

dismissal of this action under Fed. R. Civ. P. 41(b) without further notice.  To date, Plaintiff has

neither paid the fee nor moved to proceed *in forma pauperis*.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the May 5, 2016 order of the Court. That failure provides a sufficient reason to dismiss this action pursuant to Rule 41(b). Accordingly, the Court should dismiss this action without prejudice for Plaintiff's failure to prosecute this action or follow the order of the Court.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss this action without prejudice for failure to prosecute or to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b). Because the parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to **REASSIGN** this case to Senior District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 28th day of June, 2016.**

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**